IN the INTEREST OF JASON B., a Child Under the Age of Eighteen Years:

JASON B., Appellant,†

v.

STATE of Wisconsin, Respondent.

Court of Appeals

*No. 92–2634–FT. Submitted on briefs February 16, 1993.—Decided April 20, 1993.*

(Also reported in 500 N.W.2d 384.)

†Petition to review denied.

For the appellant the cause was submitted on the briefs of *Virginia A. Pomeroy*, assistant state public defender, with *Eric Steele*, assistant state public defender, of Milwaukee.

For the respondent the cause was submitted on the briefs of *E. Michael McCann*, district attorney, with *David Robles*, assistant district attorney, of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Fine, JJ.

SULLIVAN, J.   Jason B. appeals from a dispositional order adjudicating him to be a delinquent child

upon a finding of theft, as party to a crime, in violation of secs. 943.20(1)(a), (3)(a) and 939.05, Stats.[1] Jason B. defines the sole issue on appeal as whether dismissal of a petition without prejudice after noncompliance with a mandatory time limit constitutes good cause for refiling the same petition beyond the mandatory time limits of sec. 48.25(2)(a), Stats. We conclude that good cause existed for the untimely refiling of the petition.

## I. BACKGROUND

The facts, all matters of record, are undisputed. On November 6, 1991, the State filed a petition for determination of Jason B.'s status. The petition alleged Jason B. to be a delinquent child because he had allegedly committed a theft and possessed a dangerous weapon. On November 25, 1991, Jason B. appeared for a plea hearing without counsel and the court commissioner continued the plea hearing to December 27. Although the record does not contain transcripts of the proceedings, the State and Jason B. both concede that the hearing was continued to allow Jason B. to obtain counsel.[2] The docket sheet does not indicate, however, that the time limits were tolled pursuant to sec. 48.315, Stats. On December 27, Jason B. appeared with counsel and moved for dismissal of the petition because the hearing had not been held within thirty days of the filing of the petition as required by sec. 48.30(1), Stats.[3]

---

[1] The State had also charged him with possession of a dangerous weapon, sec. 948.60, Stats. That charge was subsequently dismissed.

[2] Section 48.23(1)(a), Stats., mandates a child's right to representation of counsel at all stages of a delinquency proceeding.

[3] Section 48.30(1), Stats., provides:

> The hearing to determine the child's plea to a citation or a petition under s. 48.12, 48.125 or 48.13(12), or to determine whether any

At that point, the juvenile court commissioner tolled the time limits under sec. 48.315(2), Stats.,[4] and continued the matter to January 24, 1992, for a determination on the motion.

On January 24, the juvenile court, Judge David A. Hansher, presiding, granted Jason B.'s motion, dismissed the November 6 petition without prejudice, and directed the district attorney to refile the petition. The State refiled the petition that same day, and included an additional paragraph outlining the case's procedural history. The State alleged that the case history, which included the continuance to allow Jason B. to obtain counsel, met the required showing of good cause for filing the petition more than twenty days after the original recommendation by the intake worker. *See* sec. 48.25(2)(a), Stats. Jason B. moved to dismiss this petition because it was not timely filed. The juvenile court, Judge Michael G. Malmstadt, presiding, denied Jason

party wishes to contest an allegation that the child is in need of protection or services, shall take place on a date which allows reasonable time for the parties to prepare but is within 30 days of the filing of a petition or issuance of a citation for a child who is not being held in secure custody or within 10 days of the filing of a petition or issuance of a citation for a child who is being held in secure custody.

Jason B. was not held in secure custody, and thus, the plea hearing was to be held within thirty days of the filing of the petition.

[4] Section 48.315(2), Stats., provides:

A continuance shall be granted by the court only upon a showing of good cause in open court or during a telephone conference under s. 807.13 on the record and only for so long as is necessary, taking into account the request or consent of the district attorney or the parties and the interest of the public in the prompt disposition of cases.

B.'s motion, and found that the State had shown good cause for the delay in filing.[5] Jason B. appeals.

Section 48.25(2)(a), Stats., provides in part:

> If the proceeding is brought under s. 48.12, 48.125 or 48.13, the district attorney, corporation counsel or other appropriate official shall file the petition, close the case, or refer the case back to intake within 20 days after the date that the intake worker's recommendation was filed. . . . The time limits in this subsection may only be extended by a judge upon a showing of good cause under s. 48.315. If a petition is not filed within the time limitations set forth in this subsection and the court has not granted an extension, the petition shall be accompanied by a statement of reasons for the delay. *The court shall dismiss with prejudice a petition which was not timely filed unless the court finds at the plea hearing that good cause has been shown for failure to meet the time limitations.*

(Emphasis added).

On appeal, Jason B. argues that the procedural history of the case did not constitute "good cause" for an untimely refiling of the petition, and thus, the petition should have been dismissed with prejudice. He argues that, because the court had not made a finding of good cause for delay on the original petition and had dismissed that petition for failure to meet the time requirements, the State is precluded from arguing the same "good cause" when attempting to justify the untimely refiling.[6]

---

[5] Subsequently, the weapons charge was dismissed, Jason entered an admission to theft, and the court adjudicated him to be a delinquent child.

[6] To allow the State to so justify the delay, Jason B. argues, is the equivalent of allowing the State to seek "review" of the

## II. DISCUSSION

The original petition in this case was dismissed because the plea hearing was continued beyond the thirty day limit mandated by sec. 48.30(1), Stats., and without a finding in open court that the continuance was granted for good cause, *see* sec. 48.315(2), Stats.

The time limits in sec. 48.30(1) are mandatory. *Cf. In re R.H.*, 147 Wis. 2d 22, 25-38, 433 N.W.2d 16, 18-23 (Ct. App. 1988) (time limits of sec. 48.30(6) are mandatory); *In re J.R.*, 152 Wis. 2d 598, 603-04, 449 N.W.2d 52, 54 (Ct. App. 1989) (time limit language of sec. 48.30(7) is the same as sec. 48.30(6) and, thus, is also mandatory). A failure to comply with the time limits results in the court's loss of competency to hear the petition and is properly remedied by a dismissal *without prejudice. See R.H.*, 147 Wis. 2d at 32, 40, 433 N.W.2d at 20, 24 ("the general rule is that failure to observe a mandatory time limit only requires dismissal without prejudice"; because time limits had not been observed, the cause was remanded with directions to dismiss petitions without prejudice).

"Dismissal without prejudice," by definition, permits "the complainant to sue again on the same cause of action." BLACK'S LAW DICTIONARY 469 (6th ed. 1990). Thus, Jason B. has properly framed the question presented; he does not question whether the State was precluded from refiling at all, but rather, whether the refiled petition itself should have been dismissed *with* prejudice because the delay engendered by the prior dismissal was not "good cause" for noncompliance with the time limits in sec. 48.25(2)(a), Stats.

---

court's dismissal of the original petition. He argues that, if the State believed that the original petition was wrongly dismissed, it should have appealed directly from that dismissal.

Under sec. 48.25(2)(a), Stats., the petition must be filed within twenty days of the recommendation from the intake worker unless that time period is "extended by a judge upon a showing of good cause under s. 48.315," or the petition contains a statement of reasons for the delay that the court finds constitutes good cause. According to the clear language of the statute, an untimely petition which does not comply with these requirements must be dismissed *with prejudice.*

[4]

In the present case, the refiled petition contained a statement of reasons for the delay, which the trial court determined met the required showing of good cause. Whether the circumstances constituted "good cause" under the statute, however, is a question of law that we decide without deference to the trial court's determination. *In re F.E.W,* 143 Wis. 2d 856, 860, 422 N.W.2d 893, 895 (Ct. App. 1988).

In determining whether good cause exists for the untimely filing of a petition, the best interest of the child is the paramount consideration. *Id.* at 861, 422 N.W.2d at 895. The following factors are also relevant to a finding of good cause under sec. 48.25(2)(a), Stats.: "(1) that the party seeking the enlargement of time has acted in good faith; (2) that the opposing party has not been prejudiced; and (3) whether the dilatory party took prompt action to remedy the situation." *Id.*

We begin by noting that, under the three-factor analysis of *F.E.W.,* the first delay in the delinquency proceedings would have been for "good cause," under sec. 48.315(2), Stats., if such a finding had been made

on the record.[7] The court commissioner was acting in Jason B.'s best interest by delaying the proceedings long enough for Jason B. to obtain counsel. Neither the State nor the court can be faulted for this delay, and Jason B. was not prejudiced by it. Subsequent delays, to allow for arguments and a decision on Jason B.'s motion to dismiss tolled the time limits under sec. 48.315, Stats.

The final delay, the one which Jason B. argues was without good cause, was the delay in refiling the petition. Considering the factors set forth in *F.E.W.*, we conclude that the untimely refiling of the petition was justified by a showing of good cause. This court has previously noted that, in a delinquency proceeding, it is in the juvenile's best interest to "be held responsible for the consequences of his acts and be provided with services in an attempt to prevent a recurrence." *F.E.W.*, 143 Wis. 2d at 861, 422 N.W.2d at 895. The circumstances presented in this case compel us to conclude that Jason B.'s best interest was served by allowing the untimely refiling of the petition. Jason B. has presented no reason, nor do we see any reason, why his best interest would have been served by dismissing with prejudice the refiled petition. Further, Jason B.

---

[7] It is also possible that the continuance was granted at the request of Jason B. himself, thus tolling the time limits under sec. 48.315(1)(b), Stats., which provides:

(1) The following time periods shall be excluded in computing time requirements within this chapter:

. . . .

(b) Any period of delay resulting from a continuance granted at the request of or with the consent of the child and counsel.

Because no record was made of the initial appearance, however, we assume this was not the case.

does not accuse the State of having acted in bad faith, nor does he argue that he was prejudiced in any way by the delay. Finally, the State took immediate action to remedy the situation by refiling the petition the same day the court dismissed the original petition.

Thus, given the undisputed facts of this case, we conclude that good cause existed for the untimely refiling of the petition under sec. 48.25(2)(a), Stats.

*By the Court.*—Order affirmed.