DUGAN, J.
¶1 Deutsche Bank National Trust Company appeals from the judgment in favor of Brittany Buboltz and Alec Dishaw (collectively Purchasers), dismissing Deutsche Bank's foreclosure action against the Purchasers with prejudice.
¶2 Deutsche Bank's predecessor, OneWest Bank FSB, brought a foreclosure action against the prior owner of the subject property. A judgment of foreclosure was entered in the first foreclosure action in April 2013. Subsequently, in April 2015 pursuant to a stipulation of the parties and an order of the circuit court, the first foreclosure action was reopened and dismissed without prejudice.[1] Both the stipulation and order stated that the judgment was being vacated "due to payoff of the loan." However, in fact, the loan was never paid off and no satisfaction of the mortgage was ever recorded. In April 2016, the Purchasers purchased the property from the prior owner. OneWest Bank's note and mortgage were assigned to Deutsche Bank in June 2016.
¶3 In May 2017, Deutsche Bank filed this action seeking to foreclose the Purchasers' interest in the property. The Purchasers filed a motion for summary judgment in September 2017. They asserted that Deutsche Bank's mortgage was extinguished in April 2015 when OneWest Bank stipulated in the prior foreclosure action that its loan had been paid off. They also argued that Deutsche Bank should be barred from pursuing foreclosure: (1) because it failed to move for relief from the 2015 stipulation and order dismissing the earlier foreclosure action within one year pursuant to WIS. STAT. § 806.07(2) (2017-18);[2] (2) because the stipulation extinguished the mortgage; and (3) because it was guilty of laches and should be estopped both by the stipulation of its predecessor and by its own failure to take any action within a reasonable time.
¶4 The trial court found that Deutsche Bank was barred from pursuing the foreclosure action pursuant to WIS. STAT. § 806.07(2) as a matter of law. It also found that equitably, Deutsche Bank should not be able to sit on its hands beyond the one year period in § 806.07(2). The trial court then granted summary judgment in favor of the Purchasers and dismissed Deutsche Bank's claim, with prejudice and on the merits. This appeal followed.
¶5 On appeal, Deutsche Bank argues that the trial court erred in granting summary judgment in favor of the Purchasers because: (1) its mortgage was a prior, superior interest of record; (2) the stipulation did not discharge the mortgage; (3) WIS. STAT. § 806.07(2) does not apply where the prior foreclosure action was dismissed without prejudice; (4) the Purchasers were not good faith purchasers; and (5) the trial court erred because the Purchasers did not prove estoppel and/or laches. The Purchasers argue that the mortgage was extinguished by the stipulation and order, and that the mortgage is unenforceable as a matter of equity.
¶6 For the reasons stated below, we reverse the trial court's grant of summary judgment and remand for further proceedings consistent with this opinion.
BACKGROUND
¶7 In 2006, Alexander Groysman purchased the subject residential property and financed it through a loan secured by a mortgage with Bank United, FSB. Groysman then deeded the property to EAG Investments, LLC on March 31, 2006.[3] Bank United assigned the note and mortgage to OneWest Bank. Groysman stopped making payments on February 1, 2008, and OneWest Bank commenced a foreclosure action on June 20, 2009, in the Milwaukee County Circuit Court. A judgment of foreclosure was entered on April 8, 2013. Groysman filed an appeal and this court affirmed.
¶8 Subsequently, the parties entered into a written stipulation and the foreclosure action was reopened and dismissed without prejudice by order dated April 15, 2015. Both the stipulation and the order for dismissal stated that the judgment was being reopened and vacated "due to payoff of the loan." However, the check that Groysman issued to pay off the loan was returned by his bank because the account was closed. Thus, the loan was not paid off. OneWest Bank continued to attempt to collect payment from Groysman and EAG until it assigned the note and mortgage to Deutsche Bank on June 2, 2016. During that time, Groysman and EAG continued to send checks from closed accounts or accounts with insufficient funds. When the note and mortgage were assigned to it, Deutsche Bank also attempted to collect payment on the loan from Groysman and EAG.
¶9 During this time, EAG sold the subject property to the Purchasers by deed dated April 22, 2016. The Purchasers do not dispute that Deutsche Bank's mortgage was properly recorded in 2006 and do not dispute that, at the time of the sale, the original mortgage lien between Groysman and Bank United was never released or satisfied.
¶10 Prior to buying the property, the Purchasers obtained title insurance through Chicago Title Insurance Company. Chicago Title personnel examined the title of the property and discovered the recorded mortgage that was not satisfied. They requested that Groysman provide them with the loan number for the property and contact information for the bank. Instead, Groysman sent them the stipulation and order dismissing the prior foreclosure action and a letter from the bank stating the loan was paid off. However, the letter stated that it was contingent on a final audit of Groysman's check. Neither the Purchasers nor Chicago Title contacted Deutsche Bank to determine the status of the note and mortgage before closing on the sale of the property.
¶11 Deutsche Bank commenced a foreclosure action against EAG in Milwaukee County Circuit Court on June 22, 2016. EAG was not timely served with a copy of the summons and complaint and the action was dismissed on October 17, 2016.
¶12 Deutsche Bank then filed this foreclosure action on May 12, 2017, seeking to foreclose the Purchasers' interest in the subject property. The Purchasers filed a motion for summary judgment on September 18, 2017, raising the arguments noted above. The trial court granted the Purchasers' motion on the grounds noted above. This appeal followed.
DISCUSSION
¶13 On appeal, Deutsche Bank argues that the trial court erred in granting summary judgment in favor of the Purchasers because: (1) its mortgage was a prior, superior interest of record; (2) the stipulation did not discharge the mortgage; (3) WIS. STAT. § 806.07(2) does not apply where the prior foreclosure was dismissed without prejudice; (4) the Purchasers were not good faith purchasers; and (5) the Purchasers did not prove estoppel and/or laches.
¶14 The Purchasers argue that the mortgage was extinguished by the stipulation and order and that the mortgage is unenforceable as a matter of equity.
STANDARD OF REVIEW
¶15 We review a grant of summary judgment using the same standards the trial court applied in making its determination, and "accordingly, we benefit from, but need not give deference to, the analys[is] of [the trial court[ ]." See State Farm Mut. Auto. Ins. Co. v. Langridge , 2004 WI 113, ¶12, 275 Wis. 2d 35, 683 N.W.2d 75. This court will reverse a grant of summary judgment if the record shows that material facts are in dispute or if a legal issue was incorrectly decided. See Prince v. Bryant , 87 Wis. 2d 662, 666, 275 N.W.2d 676 (1979).
¶16 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). Where no material facts remain in dispute, this court determines which, if any, party is entitled to judgment as a matter of law. See State ex rel. Auchinleck v. Town of LaGrange, 200 Wis. 2d 585, 591-92, 547 N.W.2d 587 (1996).
I. The mortgage is enforceable as a matter of law
A. The underlying debt was never paid off
¶17 The Purchasers first argue that as a matter of law, payment of the secured debt extinguishes a mortgage, regardless of whether a satisfaction of mortgage is filed with the Register of Deeds.
¶18 The problem with the Purchasers' argument is that the debt was never paid. In fact, the trial court noted, and the parties do not dispute, that the underlying note was never actually paid off and the subject mortgage secures that note.
B. The mortgage was not extinguished by the stipulation and order that stated that the debt had been paid
¶19 The Purchasers next argue that the stipulation in the first foreclosure action extinguished the mortgage even if a satisfaction of mortgage was never recorded. They principally base their argument on WIS. STAT. § 806.07. The precise language of the stipulation stated that the parties "stipulate to and request from the court an order vacating the judgment, dismissing this action without prejudice , and a release of the lis pendens due to payoff of the loan. " (Some capitalization omitted; emphasis added.) The order provided "that the judgment entered in this action is hereby VACATED, and that the above entitled action is hereby DISMISSED without prejudice due to payoff of the loan. " (Emphasis added.)
1. WISCONSIN STAT. § 806.07 does not apply to this case
¶20 The Purchasers argue, and the trial court found, that because the foreclosure OneWest Bank commenced in 2009 was dismissed in 2015, "due to payoff of the loan," Deutsche Bank could not start a new foreclosure action, but rather, pursuant to WIS. STAT. § 806.07, it had to move to reopen that case and seek relief. WISCONSIN STAT. § 806.07 provides that a trial court may relieve a party from a judgment, order, or stipulation for specific reasons. Subsection (2) provides a motion for relief from an order or stipulation must be made within a reasonable time and, if based upon mistake or an adversary's misconduct, must be made "not more than one year after the judgment was entered or the order or stipulation was made." The Purchasers argue, and the trial court held, that because Deutsche Bank did not move to reopen that foreclosure action within one year of its dismissal, Deutsche Bank was barred from commencing this new foreclosure action.
¶21 Deutsche Bank counters that because the foreclosure action was dismissed without prejudice, it could simply file a new foreclosure action and that WIS. STAT. § 806.07 does not apply in this case. We agree. Wisconsin case law emphasizes that dismissal without prejudice is not a final judgment on the merits. " 'Dismissal without prejudice,' by definition, permits 'the complainant to sue again on the same cause of action.' " Jason B. v. State , 176 Wis. 2d 400, 406, 500 N.W.2d 384 (Ct. App. 1993) (citing Dismissal without prejudice , BLACK'S LAW DICTIONARY (6th ed. 1990) ).
¶22 Here, the first foreclosure action was dismissed without prejudice. Therefore, the order of dismissal did not finally dispose of the foreclosure claim and Deutsche Bank could sue again on the same cause of action. See id. Deutsche Bank did not need to reopen the prior foreclosure action. See id. Therefore, we conclude that the trial court erred in holding that WIS. STAT. § 806.07 barred Deutsche Bank from commencing the foreclosure action in this case. Moreover, like the Purchasers' other arguments, this argument is not supported by any citation to legal authority and the argument is not developed. Thus, we decline to further consider the arguments. See State v. Pettit , 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).
2. The Purchasers' other arguments are without authority and are undeveloped
¶23 The Purchasers' remaining arguments[4] are not supported by citation to any legal authority or developed. Thus, we decline to further consider the arguments. See Pettit , 171 Wis. 2d at 646-47.
¶24 We conclude that the trial court erred in concluding that Deutsche Bank's foreclosure action was barred by WIS. STAT. § 806.07. We also conclude that Deutsche Bank's mortgage on the subject property is prior and superior to the Purchasers' interest in the property, and that the stipulation and order dismissing the first foreclosure action did not result in the underlying loan being paid off. Therefore, Deutsche Bank's mortgage is enforceable against the Purchasers as a matter of law.[5]
II. The trial court erred in granting summary judgment to the Purchasers because the record demonstrates that the Purchasers did not prove that they are entitled to equitable relief from the recorded mortgage
¶25 We next address the Purchasers' argument that the mortgage is unenforceable as a matter of equity.
A. The trial court erred in holding that Deutsche Bank was equitably estopped from enforcing its mortgage because pursuant to WIS. STAT. § 806.07 Deutsche Bank had to seek relief within one year of the dismissal of the prior foreclosure
¶26 We begin our analysis of the trial court's equitable ruling. The thrust of the trial court's equity analysis was the Purchasers' argument that WIS. STAT. § 806.07 applied to this case and, therefore, Deutsche Bank had to follow the procedures in the statute to reopen the order and judgment and remove any reference to "due to the payoff of the loan," and that Deutsche Bank had to do it within one year. The trial court appears to have accepted the Purchasers' argument.
¶27 As we discussed above, the trial court's ruling and the Purchasers' argument fail because WIS. STAT. § 806.07 does not apply in this case. Therefore, because WIS. STAT. § 806.07 does not apply in this case, Deutsche Bank was neither legally or equitably estopped from filing this new foreclosure action. We conclude that the trial court erred in its equity analysis and in granting summary judgment to the Purchasers on the grounds that Deutsche Bank failed to seek relief from the dismissal of the first foreclosure action within a year of the dismissal.
B. The Purchasers have not shown that under the defense of laches the mortgage is not enforceable
¶28 The Purchasers' argument that they are entitled to equitable relief from the recorded mortgage is phrased in general language of equitable relief. In the initial brief in support of the summary judgment motion, they argued that it would be "highly inequitable to allow [Deutsche Bank] to now enforce its mortgage." The Purchasers also asserted that Deutsche Bank "is guilty of laches and should be estopped both by the [s]tipulation of its predecessor and by its own failure to take any action within a reasonable time." During oral argument on the motion, the Purchasers identified laches as the equitable defense and summarized their argument, "So in conclusion with respect to the equitable defenses, [Deutsche Bank] sat on its rights."
¶29 In its oral decision, the trial court never mentioned laches. However, it stated, "[Deutsche Bank] ... should not be equitably entitled to sit on their [sic] hands beyond this period of a year in [ WIS. STAT. §] 806.07 and should not be entitled to reap the benefit of the substantial improvements and investment that [the Purchasers] have made in this property[.]" We construe the language in the trial court's decision and the Purchasers' argument for equitable relief as asserting the defense of laches, and address it accordingly.
1. The elements of laches
¶30 An action to foreclose a mortgage is equitable and the defense of laches may be raised in such action.[6] See Wisconsin Brick & Block Corp. v. Vogel , 54 Wis. 2d 321, 327, 195 N.W.2d 664 (1972). The successful assertion of laches requires that the defendant prove that (1) "the plaintiff unreasonably delayed in bringing the claim," (2) the defendant "lacked any knowledge that the plaintiff would assert the right on which the suit is based," and (3) the defendant "is prejudiced by the delay." Sawyer v. Midelfort , 227 Wis. 2d 124, 159, 595 N.W.2d 423 (1999). "If any single element is missing, laches will not be applied and the claims allowed to proceed." Id.
2. The record establishes that the Purchasers did not show they lacked knowledge that Deutsche Bank would assert its right to foreclose the property
¶31 Even if we assume, without deciding, that the Purchasers could prove the first and third elements of laches, they cannot prove that they lacked knowledge that Deutsche Bank could assert its right to foreclose on the property.[7]
¶32 The second element of the defense of laches is lack of knowledge on the part of the Purchasers that Deutsche Bank would assert a right to enforce its mortgage. Here, the Purchasers concede that they knew of the existence of the mortgage and the fact that no satisfaction of mortgage was recorded. The trial court found that "the note was never satisfied and this property secures the note" and found that the Purchasers "purchased the property recognizing that there may be title issues."
¶33 To overcome their actual knowledge of Deutsche Bank's recorded mortgage and lack of any satisfaction of mortgage, the Purchasers argued that a purchaser should have been able to rely on the stipulation and order that stated that the loan was paid off. As we concluded above, the Purchasers are wrong. WISCONSIN. STAT. § 806.07 does not apply in this case. The prior foreclosure action was dismissed without prejudice and Deutsche Bank could start a new foreclosure action. Nothing that occurred in that prior foreclosure action was binding on the parties to this action. Deutsche Bank did not need to reopen and amend the order dismissing the action. See Jason B. , 176 Wis. 2d at 406. The dismissal without prejudice was clear notice to the Purchasers and Chicago Title that Deutsche Bank could commence a new foreclosure action.
¶34 Additionally, the Purchasers argue that they should have been able to rely on OneWest Bank's letter to Groysman saying that the loan had been paid off. However, as the letter explicitly stated, it was contingent upon a final audit of any payments on the loan and if payments were made with checks that were returned for non-sufficient funds, the loan would not be paid off. If that occurred, OneWest Bank would take whatever steps were necessary to preserve its claim of interest. The letter states that
[The loan servicer] will send the lien release document to the county courthouse in which your property resides.
....
This letter is contingent upon a final audit of any check or draft previously received and applied to the loan. In the event that there are any "stop payment" orders or checks returned for non-sufficient funds (NSF) that adversely affect this payoff, the funds must be collected from you immediately. We will take whatever steps are necessary to preserve our claim of interest, which may include cancellation of the recordation of the satisfaction.
(Emphasis added.) The letter clearly gave the Purchasers and Chicago Title notice that paying off the loan was contingent upon final audit of any previous payments and could not be done with NSF checks or checks on closed accounts. It also stated that if the loan was satisfied, the lien release document would be recorded. No release document was recorded.
¶35 The language in the letter, along with the fact that the prior foreclosure action was dismissed without prejudice, and the fact that no satisfaction of the mortgage was ever recorded, gave the Purchasers and Chicago Title notice that Deutsche Bank could reassert its claim of default on the loan and commence a new foreclosure action. The Purchasers have not shown that they did not have the knowledge of the existence of the mortgage. In fact, to the contrary, their title company found it. The Purchasers have not shown why they closed on the purchase without clarity about the mortgage.
¶36 We conclude that the Purchasers have failed to prove that they lacked knowledge that Deutsche Bank would assert its right to enforce its mortgage. Thus, the Purchasers have failed to establish laches.
3. The Purchasers failed to prove that they were prejudiced by any delay in the commencement of this foreclosure action
¶37 As we note above, if any single element of laches is missing, laches will not be applied. Sawyer , 227 Wis. 2d at 159. Although we need not address the prejudice element because we conclude that the Purchasers cannot prove they lacked knowledge of the mortgage, we choose to briefly comment on this element.
¶38 The Purchasers have not shown that they were prejudiced by any delay by Deutsche Bank in commencing this action. Any prejudice was the result of their decision and Chicago Title's decision to close on the sale of the property without verifying that the mortgage was satisfied. To protect their interests when purchasing the property, the Purchasers purchased title insurance through Chicago Title. Chicago Title did a title search and identified Deutsche Bank's mortgage. Mary Bishop, the Chicago Title employee who prepared the closing documents, requested that Groysman send her the loan number for the subject property and contact information for the bank. In response, on March 29, 2016, Groysman sent Chicago Title an email attaching the "letter and dismissal from last year from the OneWest Bank's council [sic] due to loan being payed [sic] off." Bishop forwarded the documents to Dena Krueger at Chicago Title. On March 30, 2016, Krueger responded by stating that "[Groysman] will need to get a Satisfaction from OneWest Bank for the open mortgage. The attached [documents from Groysman] are not sufficient."
¶39 However, after determining that Groysman's documentation was not sufficient to show the loan was paid, neither Chicago Title, nor the Purchasers attempted to contact Deutsche Bank to determine the status of the note and mortgage. Notably, pursuant to WIS. STAT. § 708.15(3), both the Purchasers and Chicago Title had the right to contact Deutsche Bank and request a payoff statement for the loan.
¶40 Rather, than contacting Deutsche Bank, the Purchasers relied on Chicago Title's underwriting counsel who "concluded the 2006 [m]ortgage was not enforceable and was not an encumbrance on title to the [p]roperty" because counsel knew about the stipulation and order dismissing the prior foreclosure action due to payoff of the loan and the letter congratulating Groysman for paying off the loan. However, our conclusion that the mortgage is enforceable as a matter of law demonstrates that underwriting counsel's opinion was wrong. Moreover, it shows that the Purchasers were prejudiced not by Deutsche Bank's conduct, but by Chicago Title's conduct.
¶41 The Purchasers also ignore the fact that the reason title insurance was obtained was to address instances when the title company's underwriting practices are incorrect. That is the circumstance here. In fact, the trial court noted that the Purchasers filed a title claim with Chicago Title.
¶42 We conclude that the record shows that the Purchasers relied on representations by Chicago Title and Groysman, not on any representations by Deutsche Bank or its predecessors. Both the Purchasers and Chicago Title ignored Deutsche Bank's properly recorded mortgage and lack of any satisfaction of mortgage. They both had the option to contact Deutsche Bank directly to determine the status of the mortgage, but failed to do so. They accepted Groysman's representation that the loan was paid off without obtaining verification from Deutsche Bank. Therefore, we conclude that the Purchasers have failed to prove that they were prejudiced by any delays by Deutsche Bank in commencing this foreclosure action.
¶43 The trial court erred in finding that under the defense of laches, the Purchasers were entitled to summary judgment dismissing this action. If any single element of laches is missing, laches will not be applied and Deutsche Bank's foreclosure claim may proceed. Here, we conclude that the Purchasers have not proven two elements of laches. There is no proof (1) that the Purchasers did not have knowledge that Deutsche Bank would assert its right to foreclose on the mortgage; or (2) that the Purchasers were prejudiced by any delay by Deutsche Bank. See Sawyer , 227 Wis. 2d at 159.[8]
CONCLUSION
¶44 For the foregoing reasons, we reverse the summary judgment and remand to the trial court for further proceedings.
By the Court. -Judgment reversed and cause remanded for further proceedings.
Not recommended for publication in the official reports.

We refer to the court that presided over the first foreclosure action as the circuit court and the court that presided over this action as the trial court.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The parties refer to EAG as "[Groysman's] LLC."

The Purchasers remaining arguments are that (1) the stipulation and order was an unequivocal public affirmation of payment of the loan, (2) the statement in the stipulation that the loan was paid off was integral to the trial court vacating the judgment and the case being dismissed because the Milwaukee County Circuit Court local rules require that any motion to reopen and vacate a foreclosure judgment must include specific facts supporting the motion, and (3) the stipulation was made in writing and subscribed to by Deutsche Bank's attorney-see Wis. Stat. § 807.05.

Deutsche Bank also argues that: (1) Wis. Stat. § 708.15 prescribes the form of the document necessary to satisfy a mortgage, and the stipulation and order do not meet that criteria; (2) the trial court erred in holding that equitable principles prevailed over Wis. Stat. § 706.11 ; (3) the Purchasers failed to utilize the remedies under § 708.15 to obtain a satisfaction of the mortgage; and (4) the Purchasers were not good faith purchasers. Based on our holding above, we need not address these arguments.

Deutsche Bank initially argues that the Purchasers are not entitled to equitable relief where alternative relief is available. However, in support of its argument, it cites an unpublished decision issued in 2004. An unpublished opinion may not be cited as precedent or authority except that, if it is authored by a member of a three-judge panel or a single judge on or after July 1, 2009, it may be cited for its persuasive value. See Wis. Stat. Rule § 809.23(3). Therefore, we will not address the argument.

As noted above, if any single element is missing, laches will not be applied and Deutsche Bank's claims will be allowed to proceed. Sawyer v. Midelfort , 227 Wis. 2d 124, 159, 595 N.W.2d 423 (1999). We decide cases on the narrowest possible ground. See State v. Hughes , 2011 WI App 87, ¶14, 334 Wis. 2d 445, 799 N.W.2d 504.

On appeal Deutsche Bank also argues that the Purchasers do not meet the requirement of equitable estoppel. However, as the record shows, the Purchasers did not raise an equitable estoppel defense before the trial court. Rather, the Purchasers relied on the defense of laches. As it did before the trial court, there is no reason for Deutsche Bank to "guess" what type of estoppel the Purchasers may be raising on appeal. Moreover, "[a]s a general rule, we will not consider an issue not raised in the [trial] court." See Wirth v. Ehly , 93 Wis. 2d 433, 443-44, 287 N.W.2d 140 (1980), superseded on other grounds by Wis. Stat. § 895.52.