STATE of Wisconsin, Plaintiff-Respondent,

v.

Calvin L. BROWN, Defendant-Appellant.†

Court of Appeals

*Nos. 2012AP236–CR, 2012AP237–CR.*
*Submitted on briefs October 2, 2012.*
*—Decided November 20, 2012.*

2012 WI App 139

(Also reported in 824 N.W.2d 916.)

† Petition for review filed.

333

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Matthew S. Pinix* of Law Office of *Matthew S. Pinix, LLC*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general, and *Robert G. Probst*, assistant attorney general.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. CURLEY, P.J.    Calvin L. Brown appeals the judgments convicting him of numerous robbery charges, including one count of robbery with the threat

of force, as party to a crime. He also appeals the order denying his postconviction motion. Brown argues that his plea colloquy was defective because the trial court did not explain party to a crime liability during his plea hearing. We disagree. Party to a crime liability includes situations in which the defendant directly commits the crime, and Brown directly committed the robbery in question. Therefore, an explanation of party to a crime liability in Brown's case would have been superfluous. We consequently affirm the judgments and order.

### BACKGROUND

¶ 2. In October 2009, Brown committed a string of robberies in the Milwaukee area. He robbed hotels, convenience stores, and drug stores, taking money from cash registers and occasionally injuring store clerks. The State charged Brown with seven offenses in two criminal complaints. Brown pled guilty to all seven charges, including the charge that is the subject of this appeal: robbery with threat of force, as party to a crime, contrary to WIS. STAT. §§ 943.32(1)(b) & 939.05 (2009–10).[1] The judgments were consolidated on appeal.

¶ 3. The charge at issue in this case concerned a robbery that occurred at the La Quinta Inn at 5423 North Port Washington Road. As pertinent to this appeal, the criminal complaint, which Brown acknowledged constituted the factual basis for his guilty plea, stated the following:

> City of Glendale Police Officer Rollan Parish reports that on 10/27/2009 he and fellow City of Glendale

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

police officers where dispatched to the La Quinta Inn
located at 5423 N. Port Washington R[oad] regarding a
robbery. P.O. Parish spoke with the hotel clerk . . . who
stated that at 12:15 AM two black male subjects en-
tered through the main entrance. The first subject
reached over the counter and grabbed [the clerk] by the
shirt and displayed a 6 inch knife. That subject, who
[the clerk] identified in a photo array as being defen-
dant Calvin Brown, asked [the clerk] where the money
was. [The clerk] pointed to the cash drawer. Brown
then jumped over the counter and took approximately
$170 from the cash drawer. The second subject . . .
remained near the door . . . . Both subjects left the hotel
together. [The clerk] stated that Brown's actions caused
him to fear for his safety and that he did not consent to
the taking of the money from the LaQuinta Hotel.
Video of the offense was recovered and placed [in]
inventory.

¶ 4.    Before accepting Brown's plea, the trial court
inquired:

THE COURT:    Do you understand that before you
can be found guilty of any of the robbery charges . . .
the State would have to prove that on each of the dates
that I mentioned you took and carried away property
from another person, you did so knowing that you
lacked the consent of that person to take and carry
away that person's property and the State would have
to prove that this property was taken forcibly; that is,
that you either used force to separate the person from
his or her property or that you threatened to use force
to get that person to give in and give up the property so
that you could take it without a fight, and, finally, the
State would have to prove that the person whose
property you took was the owner of the property and
that the property was in that person's possession and in
that person's presence or on that person's body at the
time you took the property?

[BROWN]: Yes, sir.

¶ 5.  The trial court did not, however, explain that Brown was being charged for the La Quinta robbery as party to a crime.

¶ 6.  Following his conviction and sentence, Brown filed a postconviction motion arguing that he should be allowed to withdraw his plea because party to a crime liability was not explained during the plea hearing. Brown argued that he had not been advised of the elements of party to a crime liability, that he did not understand what it meant to be party to a crime, and that he should therefore be allowed to withdraw his guilty plea.

¶ 7.  The trial court denied Brown's postconviction motion, reasoning that, although party to a crime liability was not in fact explained, an explanation was not necessary because Brown directly committed the robbery:

> It is undisputed that [party to a crime] liability was not addressed during the plea colloquy. No[r] is it likely that, given the particular circumstances of the La Quinta robbery, Mr. Brown was briefed about [party to a crime] liability by his lawyer. So there is good reason to doubt that when he pleaded guilty he understood the elements of [party to a crime] liability.
>
> The critical question in Mr. Brown's case, however, is not whether he understood [party to a crime] liability but whether he needed to understand. Mr. Brown carried out the La Quinta robbery pretty much by himself. He was not involved merely as an aider or abettor. Hence, [party to a crime] liability was not essential to his conviction or to his understanding of what his options were at the time he decided to plead guilty rather than take his case to trial. Whether or not

337

he understood any alternate basis for a conviction, I am satisfied that Mr. Brown *did* understand the essential elements of the robbery charge of which he was convicted. Therefore, I must deny his motion.

(Emphasis in original.)

¶ 8.   Brown now appeals.

ANALYSIS

¶ 9.   On appeal, Brown argues that the trial court erred by denying his postconviction motion without an evidentiary hearing.

¶ 10.   "A defendant is entitled to an evidentiary hearing on a motion to withdraw a guilty plea when (1) the defendant makes a prima facie showing that the [trial] court's plea colloquy did not conform with [Wis. Stat.] § 971.08 or other procedures mandated at a plea hearing; and (2) the defendant alleges he did not know or understand the information that should have been provided at the plea hearing." *State v. Brown*, 2006 WI 100, ¶ 2, 293 Wis. 2d 594, 716 N.W.2d 906.

¶ 11.   We determine whether Brown's postconviction motion alleges sufficient facts entitling him to an evidentiary hearing under a mixed standard of review. *See State v. Allen*, 2004 WI 106, ¶ 9, 274 Wis. 2d 568, 682 N.W.2d 433. "First, we determine whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief. This is a question of law that we review *de novo*." *See id.* If Brown's motion raises such facts, then the trial court must hold an evidentiary hearing. *See id.* If, on the other hand, the motion does not raise sufficient material facts, or if Brown "presents only conclusory allega-

338

tions, or if the record conclusively demonstrates that the defendant is not entitled to relief, the [trial] court has the discretion to grant or deny a hearing." *See id.*

¶ 12. Specifically, Brown asserts that, because the plea colloquy did not include an explanation of party to a crime liability, (1) an essential element of the charge to which he pled guilty was omitted, and (2) he did not understand the robbery with threat of force as party to a crime charge to which he pled guilty. *See Brown*, 293 Wis. 2d 594, ¶ 36 (trial court's failure to fulfill a duty at the plea hearing necessitates evidentiary hearing if postconviction motion alleges defendant did not understand an aspect of the plea because of the omission). *See also State v. Lackershire*, 2007 WI 74, ¶ 25, 301 Wis. 2d 418, 734 N.W.2d 23 ("Whether a plea colloquy conforms to the statutory requirements is a question of law that we review independently.").

¶ 13. We disagree. WISCONSIN STAT. § 939.05(2) lists three distinct ways in which an individual may be charged with a crime under party to a crime liability:

> A person is concerned in the commission of the crime if the person:
>
> (a) Directly commits the crime; or
>
> (b) Intentionally aids and abets the commission of it; or
>
> (c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it . . . .

*See id.* Because Brown directly committed robbery with the threat of force, contrary to WIS. STAT. § 943.32(1)(b), he also could have been charged—as he was—with party to a crime liability. *See* § 939.05(2)(a). Although

the trial court did not explain that, by directly committing the La Quinta robbery, Brown was "concerned" in its commission as defined by the party to a crime statute, it did explain the elements of the crime that Brown directly committed. We therefore agree with the trial court that because the elements of direct liability for the La Quinta robbery were in fact explained, and because Brown admitted the facts demonstrating his direct liability—including that he threatened the hotel clerk with a knife, demanded money, and took approximately $170 from the cash drawer—it was not necessary in this circumstance for the trial court to additionally explain the concept of party to a crime liability.

¶ 14. Moreover, we do not agree with Brown's contention that, under our decision, "[a]ny theory of liability with which a defendant is charged becomes irrelevant . . . so long as the defendant's admitted conduct would support a finding of guilt under a different theory." This is simply not true because, as the trial court correctly reasoned, our decision does not apply to all situations in which a defendant pleads guilty as party to a crime, but instead rests on the fact that Brown directly committed the crime to which he pled guilty:

> [W]hat Mr. Brown was taking responsibility for by pleading guilty did not depend on proof he committed the crime indirectly, that is, merely as an aider or abettor or conspirator. This is significant because of the objectives that drive the mandate of WIS. STAT. § 971.08(1)(a), one of which is that a defendant be aware of the nature of his potential culpability before deciding to take responsibility. If [Brown] was taking limited responsibility, say only for aiding or abetting or conspiring to commit a robbery that was carried out principally by another, he should have been aware of that aspect of [party to a crime] liability. But he wasn't

taking responsibility for anything other than committing the crime directly, and on that score he was fully aware of the nature of what he was taking responsibility for.

*See also Holland v. State*, 91 Wis. 2d 134, 141, 280 N.W.2d 288 (1979) ("The legislative judgment embodied in [§] 939.05 . . . determining that those concerned in the commission of a crime are equally liable along with the one who directly committed it, does not mean that the factual basis for liability as a direct actor, an aider or abettor, or a conspirator is identical. The direct actor is the one whose conduct directly satisfies each element of the substantive offense.").

¶ 15. We therefore conclude that, because an explanation of party to a crime liability in this particular circumstance would have been superfluous, the trial court did not err by failing to explain party to a crime liability during Brown's plea hearing, and did not err in denying Brown's postconviction motion without an evidentiary hearing. *See Allen*, 274 Wis. 2d 568, ¶ 9. Accordingly, we affirm.

*By the Court*—Judgments and order affirmed.